UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA;<br>NAACP, by its Greater Indianapolis Branch 3053,<br>and on behalf of its individual members;<br>DORIS A. McDOUGAL; and<br>JOHN WINDLE,<br><br>     Plaintiffs,<br><br> v.<br><br>MARION COUNTY ELECTION BOARD; and<br>KEITH JOHNSON, MELISSA<br>THOMPSON, and<br>MYRA A. ELDRIDGE, each in their official<br>capacities as members of the MARION<br>COUNTY ELECTION BOARD,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO.: 1:17-cv-1388-SEB-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT DECREE

### I. INTRODUCTION

On May 2, 2017, Plaintiffs Common Cause Indiana, NAACP, by its Greater Indianapolis Branch 3053 and on behalf of its individual members, Doris A. McDougal, and John Windle commenced this action pursuant to 42 U.S.C. § 1983 alleging that Defendant Marion County Election Board's ("Board") practice since 2010 of failing to authorize satellite voting locations in Marion County for early, in-person absentee voting in four (4) consecutive federal elections violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment, Section 2 of the Voting Rights Act, and Article 2, Section 1 of the Indiana Constitution.[1]

---

[1] Plaintiffs' motion for preliminary injunction and this Court's order granting same were premised only on Plaintiffs' federal constitutional claims.

Plaintiffs moved for a preliminary injunction on January 31, 2018. Following briefing and submission of evidence by affidavit, the Court entered a preliminary injunction on April 25, 2018, holding that "Defendants are hereby mandated to establish two satellite voting locations, according to the form of Indiana Code § 3-11-10-26(a)(2) and Indiana Code § 3-11-10-26.3(a), for early in-person voting in Marion County, Indiana, in time for the November 2018 general election." Dkt. 77. This Consent Decree incorporates by reference the facts and analysis regarding Plaintiffs' claims from within the Court's preliminary injunction order. Dkt. 76. By way of summary, the Court sets forth the following Agreed Facts.

**II.   AGREED FACTS**

1. Plaintiffs are two public-interest groups and two private residents of Marion County, Indiana.

2. Defendants are the Board and its three members in their official capacities.

3. Under Indiana election law, voters may vote otherwise than at the polls on election day by what is known as "absentee" voting. Ind. Code ch. 3-11-10.

4. An absentee vote may be cast by mail if the voter meets one of thirteen conditions. Ind. Code § 3-11-10-24(a)(1)-(13).

5. An absentee vote may also be cast in person during specified periods prior to Election Day without the voter having to satisfy any of the thirteen conditions for voting absentee by mail. Ind. Code § 3-11-10-26.

6. Indiana Code § 3-11-10-26.3 (the "Satellite Voting Statute") authorizes county election boards to approve satellite voting offices by unanimous vote. The Satellite Voting Statute lacks any statewide standards for determining whether to approve satellite voting offices.

7. The circuit court clerk's office is required to be open for early voting no less than seven hours on each of the two Saturdays preceding Election Day. Ind. Code § 3-11-10-26(e), (g), and (h).

8. Indiana law allows for local election boards to expand the time allotted for voting beyond Election Day. Ind. Code § 3-11-10-26.3(c).

9. Marion County had satellite offices for early in-person voting in 2008 and 2009. Despite available funding, no resolution for satellite offices has obtained unanimous support from the Board since 2009. The benefits of satellite-office early in-person voting outweigh the administrative costs. Dkt. 76 at 38.

10. As a result of the Board's decision not to re-establish satellite offices, early in-person voting has been available only at the Clerk's office in the City-County building in each election since 2010. The record reflects significant challenges presented by voting at this location. Dkt. 76 at 9-12. Contrary to nationwide trends, Marion County has experienced a decrease in early voting during the period 2008-2016. Dkt. 76 at 13.

11. The record also reflects opinions proffered by Plaintiffs' expert regarding the negative impact on Marion County voters resulting from the Board's failure to implement satellite offices. Dkt. 76 at 12. For example, Dr. Fraga opined that the lack of satellite offices "for the 2012 and 2016 elections likely had a disproportionate, negative impact on African-Americans in Marion County relative to non-Hispanic whites." Dkt. 76 at 12, 32.

12. During the same time period, the counties contiguous to Marion County approved creation of satellite voting offices. Those satellite offices have been widely utilized by voters in recent years. Dkt. 76 at 13-14.

13. Through their preliminary injunction briefing, Plaintiffs made a prima facie showing that the Election Board's failure to establish satellite offices after 2009 "severely burdens" the First and Fourteenth Amendment rights of Marion County voters. Dkt. 76 at 19-43.

### III. REMEDIAL PROVISIONS

14. The parties seek to resolve the controversy between them through entry of this Consent Decree and submission to the Court's continuing enforcement jurisdiction.

15. A narrowly tailored consent decree is necessary to address the Court's entry of a preliminary injunction in Plaintiffs' favor having found prima facie evidence to support Plaintiffs' legal and constitutional claims.

16. The Board has resolved to transition to the use of vote centers pursuant to Ind. Code ch. 3-11-18.1 beginning in 2019.

17. The Board's vote center plan includes voter access to early in-person voting at satellite offices to be established in Marion County for each election.

18. For the 2018 general election, the Board shall establish five (5) satellite offices for in-person absentee voting.[2] In-person absentee voting shall also be available at the Clerk's primary office in the City-County building as otherwise required by Indiana law.

19. Beginning with the 2019 primary election, the Board shall establish a minimum number of two (2) satellite offices for each primary election, and five (5) satellite offices for each general and municipal election.

---

[2] The Court's Order granting preliminary injunction required establishment of two satellite offices for the 2018 general election. Dkt. 77. The parties have advised the Court that in connection with settlement of this lawsuit, Plaintiffs and Defendants have agreed to establish five satellite offices in addition to offering voting at the City-County building.

20. The Board shall take all necessary and appropriate action the implement the requirements of this Order.

21. The Board shall retain the discretion to select the locations and operating hours of the satellite offices.

22. In making those determinations, the Board shall consider factors such as available locations, cost of available locations, access to public transportation to selected locations, population distribution, historical voter turnout data, and staffing needs.

23. In the event the Board fails to establish the minimum number of satellite offices set forth in paragraphs 18 or 19 of this Consent Decree, Plaintiffs shall retain all rights to enforce this Consent Decree to require establishment of such satellite offices consistent with the terms of this Consent Decree and otherwise according to law.

24. Plaintiffs' disagreement with the Board's judgment in implementing the vote center plan or in selecting the locations or hours of satellite offices shall not constitute a violation of this Consent Decree unless (a) on or before January 31 (with respect to a primary election) or July 31 (with respect to a general or municipal election), the Board fails to establish the location and hours for all satellite offices required under this Consent Decree, in which case Plaintiffs may petition the Court to make such determinations using the factors set forth in paragraph 22, *supra,* or (b) Plaintiffs can prove that such satellite office locations as determined by the Board result in a continued disparate impact on minority voters or unconstitutional burden on Marion County voters' right to vote.

25. This Consent Decree is not intended to limit or diminish in any way the Board's authority to establish additional satellite office voting locations beyond the minimum number of locations established below or to determine the specific locations of those satellite voting offices.

26. This Consent Decree is effective immediately upon entry by the Court.

27. Under this Consent Decree, the Court retains jurisdiction over the parties until further order. Any party may apply at any time for orders necessary or appropriate for the interpretation, implementation, enforcement, or modifications of the terms of this Consent Decree and for supervision and approval of the resolution of issues left for further planning and negotiation.

For Plaintiffs:

 /s/ William R. Groth
William R. Groth
Daniel Bowman
FILLENWARTH DENNERLINE GROTH & TOWE LLP
429 East Vermont Street, Suite 200
Indianapolis, IN 46202
(317) 353-9363
wgroth@fdgtlaborlaw.com
dbowman@fdgtlaborlaw.com

For Defendants:

 /s/ A. Scott Chinn
A. Scott Chinn
Anne K. Ricchiuto
Daniel E. Pulliam
Faegre Baker Daniels LLP
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204
(317) 237-0300
Scott.Chinn@FaegreBD.com
Anne.Ricchiuto@FaegreBD.com
Daniel.Pulliam@FaegreBD.com

 /s/ Donald E. Morgan
Andrew J. Mallon
Donald E. Morgan
City of Indianapolis
Office of Corporation Counsel
200 East Washington Street, Suite 1601
Indianapolis, IN 46204
Phone: 317-327-4055
donald.morgan@indy.gov

APPROVED:                      DATE: _____

_____
Judge, United States District Court