UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA; NATIONAL ASSOCIATION for the ADVANCEMENT OF COLORED PEOPLE, by its Greater Indianapolis Branch 3053 and on behalf of its individual members; DORIS A. McDOUGAL; and JOHN WINDLE, <br><br>    Plaintiffs, <br><br>  v. <br><br>MARION COUNTY ELECTION BOARD; KEITH JOHNSON, BRYCE CARPENTER, and MYLA A. ELDRIDGE, each in their official capacities as members of the MARION COUNTY ELECTION BOARD, <br><br>    Defendants. | CAUSE NO. 1:17-CV-1388-SEB-TAB |

**DEFENDANTS' RESPONSE IN OPPOSITION TO NON-PARTY**
**STATE OF INDIANA'S MOTION TO ALTER OR AMEND CONSENT DECREE**

The State's Motion to Alter or Amend the Consent Decree is premised on a fundamental factual misrepresentation of the circumstances surrounding entry of the decree. The State alleges multiple times throughout its filing that the Election Board's decision to enter into a consent decree establishing satellite clerk's office for early voting was not unanimous. This is factually incorrect. After having unanimously authorized the filing of the Joint Motion to Enter Consent Decree, the Election Board has taken additional steps to publicly declare its unanimous support for the Consent Decree and establishment of satellite sites.

The parties' Joint Motion was submitted on July 3, 2018 (Dkt. 85) and approved by this Court on July 10, 2018 (Dkt. 86). At its public meeting on July 25, 2018, the Election Board took

US.119251543.03

two important actions related to the Consent Decree. First, it ratified the Consent Decree by *unanimous* vote. That meeting was recorded for Indianapolis Public Access Channel 16, and is available here: http://indianapolis.granicus.com/MediaPlayer.php?view_id=3&clip_id=17853 (last viewed Aug. 7, 2018). Matters relating to the Consent Decree were discussed during video time stamp 1:32-12:54.

At time stamp 3:06-3:20, the Election Board's counsel explains that after entry of the preliminary injunction in this case, counsel approached Plaintiffs' counsel to discuss settlement "with the Board's authority." Following explanatory remarks by the Election Board's counsel, Bryce Carpenter, the current Republican appointee to the Election Board, made the motion to ratify the Consent Decree (at video time stamp 5:17-20). Resolution 05-18 was adopted unanimously thereafter. A true and correct copy of that Resolution is attached hereto as Exhibit A.[1]

Second, in addition to ratifying the Consent Decree, the Election Board *unanimously* voted to approve Resolution 06-18, which establishes six satellite voting locations (in addition to the Clerk's office at the City County Building) for the Fall 2018 general election. A true and correct copy of that Resolution is attached hereto as Exhibit B. Underscoring the independence of this election policy decision, the Election Board's unanimous resolution fixed a number of satellite sites beyond the two sites required by this Court's preliminary injunction, and even beyond the relief required by the Consent Decree, which requires five locations for a general election. Dkt. 77; 86 at ¶ 18. In advance of a unanimous vote approving these locations, Mr. Carpenter made the following comments (video time stamp 10:50-11:39):

> I would like to thank Director Delaney and her staff as well as the
> Chair of this Board, Keith, for their hard work with this endeavor.

---

[1] Mr. Carpenter also seconded the Chairman's motion to approve payment of attorney's fees to plaintiffs' counsel, as contemplated by applicable federal law.

> This was a process that was a little more complicated than I think we all kind of envisioned at the beginning, I'm speaking for only for myself on that, but, again, with trying to come up with six locations to cover a large county, with being sensitive to schools, and other conditions such as public transportation and travel, I do feel like we have a good representation and good amount of coverage for voter density in the county. So, I thank everyone for their hard work and cooperation on this, and have trust in Clerk Eldridge and her staff to conduct these in a professional manner.

In her remarks, Clerk Eldridge complimented the bipartisan process that led to selection of the satellite sites, saying "it's great to see Republicans and Democrats come together and come up with satellite sites that will be great for the voters of Marion County." (video time stamp 12:19-36). Clerk Eldridge and Mr. Carpenter both seconded the Chairman's motion to approve the satellite sites, and it passed unanimously. A press release issued that same day described the resolution as "unanimously passed" and notes that it was "bipartisan effort to increase access to voting for all voters and satisfies the federal court's order." http://www.indy.gov/eGov/County/Clerk/Election/Documents/2018%20Election%20Documents/PR.SatelliteVotingResolution.7.25.2018.pdf.

Notwithstanding the substantial media coverage that followed the Election Board's July 25 meeting and the publicly available materials proving the unanimity of its action, the State inappropriately alleges that "there is great concern that a majority of the Board cooperated with Plaintiffs to obtain something that Indiana law otherwise would have prohibited." Dkt. 89 at 3. There is absolutely no evidence supporting this spurious claim. The State should withdraw its motion.

Because no satellite sites were established without unanimous support by all Election Board members, there has been no "end run around" or violation of Indiana law. Dkt. 89 at 4-5. And unlike *Kasper v. Board of Election Comr's v. City of Chicago*, 814 F.2d 332, 341 (7th 1987), the consent decree in this case resolved substantial questions of federal (not just state)

3

law. Accordingly, there is no basis on which to upset the parties' jointly submitted, unanimously ratified, Consent Decree.[2]

Finally, the Attorney General's assertion that the Consent Decree is "contrary to public interest" and "contrary to public policy" is not only puzzling, its disruptive implications are difficult to overstate. Against a backdrop of the decade of partisan difficulties with establishing satellite offices in Marion County (as detailed in this Court's preliminary injunction decision), the Election Board has now expanded access to early voting in a bipartisan manner and under a unanimous vote. This action conforms with applicable Indiana law and puts Marion County in the same position as counties of all sizes throughout the State with respect to early voting. The Election Board agreed – again with a bipartisan and unanimous vote – that rather than continuing litigation, it was wiser to settle this matter with the Plaintiffs through the Consent Decree now approved by this Court. Dkt. 89 at 5-6. Yet the Attorney General would apparently undo this constructive local public policy decision-making in the name of the State, for reasons that remain unclear. The Election Board is not aware of any other county's early voting decisions in which the State has similarly interfered. Contrary to the Attorney General's assertion, the public interest is clearly served by the unanimous and bipartisan resolution of the issues presented by Plaintiffs' complaint in a manner that benefits all Marion County voters.

The Election Board respectfully requests that Plaintiffs' Motion to Alter or Amend Consent Decree be denied.

Date: August 8, 2018                                 Respectfully submitted,

---

[2] There is similarly no utility to an appeal. The Election Board has already passed a Resolution reflecting its intent to transition to vote centers beginning in 2019. Dkt. 86 at ¶ 16-17; *http://www.indy.gov/eGov/County/Clerk/Election/Documents/2018%20Election%20Documents/Resolution%2001-18%20Copy%201.24.2018.pdf*. The requirements regarding satellite sites will be different under that statutory scheme.

FAEGRE BAKER DANIELS LLP

By: /s/   *Anne K. Ricchiuto*
A. Scott Chinn (#17903-49)
Anne K. Ricchiuto (#25760-49)
Daniel E. Pulliam (#29439-49)
300 N. Meridian Street, Suite 2700
Indianapolis, Indiana 46204
Telephone:      (317) 237-0300
Facsimile:      (317) 237-1000
Email:  Scott.Chinn@FaegreBD.com
Email:  Anne.Ricchiuto@FaegreBD.com
Email:  Daniel.Pulliam@FaegreBD.com

Andrew J. Mallon (23055-49)
Donald E. Morgan (30776-49)
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Suite 1601
Indianapolis, IN 46204
Phone: 317-327-4055
Fax: 317-327-3698
Email: donald.morgan@indy.gov

*Counsel for Marion County Election Board and Keith Johnson, Melissa Thompson, and Myla A. Eldridge, each in their official capacities as members of the Marion County Election Board*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 8, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> William R. Groth
> Daniel Bowman
> FILLENWARTH DENNERLINE GROTH & TOWE LLP
> 429 East Vermont Street, Suite 200
> Indianapolis, IN 46202
> (317) 353-9363
> (317) 351-7232 (fax)
> wgroth@fdgtlaborlaw.com
> dbowman@fdgtlaborlaw.com
>
> Bryan Findley
> Aleksandrina Penkova Pratt
> Kelly Suzanne Witte
> INDIANA ATTORNEY GENERAL
> 302 West Washington Street
> Indianapolis, IN  46204
> (317) 232-4849
> (317) 232-7979 (fax)
> aleksandrina.pratt@atg.in.gov
> bryan.findley@atg.in.gov
> kelly.witte@atg.in.gov

          /s/    *Anne K. Ricchiuto*
          Anne K. Ricchiuto