UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01388-SEB-TAB |
| | ) | |
| MARION COUNTY ELECTION BOARD, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING STATE OF INDIANA'S MOTION TO ALTER OR AMEND JUDGMENT (DKT. 89)**

In this voting rights case, Plaintiffs sought and obtained a preliminary injunction requiring Defendants to establish two satellite offices for early in-person voting for the November 2018 general election in Marion County, Indiana. *Common Cause Ind. v. Marion Cty. Election Bd.*, 311 F. Supp. 3d 949 (S.D. Ind. 2018) (Barker, J.). On July 3, 2018, the parties submitted a proposed consent decree requiring Defendants to establish five satellite offices for the 2018 general election, and for each primary and general election thereafter, two and five satellite offices, respectively. Dkt. 85. We approved and entered the consent decree on July 10, 2018. Dkt. 86.

On its motion, Dkt. 26, we previously granted the State of Indiana ("the State") limited intervention rights to "(1) attend and observe [a] September 26, 2017 settlement conference; (2) challenge in a fairness hearing before us any settlement agreement reached between Plaintiff[s] and [Defendants] on the grounds that it is allegedly contrary to the public interest or violative of state statute(s); and (3) if any such settlement is

1

approved, seek permission to appeal that decision." Dkt. 40, at 1–2. No fairness hearing was necessary and therefore none was conducted. The State has now filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e), seeking vacatur of the consent decree. Dkt. 89. The State argues that the consent decree is contrary both to state law as well as the public interest.

Neither objection has merit. As to the first, the State argues that Indiana Code § 3-11-10-26.5, requiring a county election board's unanimous decision to establish satellite offices for early in-person voting, has been impermissibly overridden by the consent decree, allowing a majority of Defendant Election Board's members to contract their way out from under the requirements of state law by means of an agreed injunction in federal court. *Contra Perkins v. City of Chicago Heights*, 47 F.3d 212, 217 (7th Cir. 1995); *Evans v. City of Chicago*, 10 F.3d 474, 480 (7th Cir. 1993) (*en banc*); *People Who Care v. Bd. of Educ.*, 961 F.2d 1335, 1339 (7th Cir. 1992); *Kasper v. Bd. of Election Comm'rs*, 814 F.2d 332, 342 (7th Cir. 1987).

The State is incorrect. The consent decree was tendered jointly by all parties, that is, by all Plaintiffs and *all* Defendants, who are the Election Board "and its three members in their official capacities." Dkt. 85, at 2. *See Lawyer v. U.S. Dep't of Justice*, 521 U.S. 567, 572, 574 (1997). If this were not enough (though it is), Defendants have responded in opposition to the State's motion by showing the "additional steps" Defendants have taken in unanimous support of the consent decree, Dkt. 91, at 2, including unanimous official ratification of the consent decree by Defendant Election Board. *Id.* at 3. And even if all this were not true (though it is), the consent decree was

necessary to remedy a probable violation of federal law for the reasons laid out in our order on Plaintiffs' preliminary injunction motion. The Supremacy Clause of the Constitution requires no more here. *Perkins*, 47 F.3d at 217; *Kasper*, 814 F.2d at 342.

As its second objection, the State argues in conclusory fashion that "it is not in the public interest for a federal court to enter, enforce, and monitor a consent decree that dictates the operation of state-run elections." Dkt. 89, at 6. That is not a cogent objection to the consent decree; it is the expression of a preference by the Attorney General for federal noninterference in voting rights cases generally. The State's lawyers may entertain what preferences they will, but violations of federal rights justify the imposition of federal remedies. If conditions change such that the remedies agreed to and ordered in this case are no longer justified, the consent decree may be modified or vacated.

The State also argues that the public interest is "jeopardized by the removal of [Defendant Election Board's] minority leverage in the political process." *Id.* The State's meaning is not pellucid. But to the extent the State wishes to protect the interests of "both political parties," "bipartisan support," and "the ability [of all members of the Election Board] to be heard" with respect to early in-person voting at satellite offices, *id.*, the consent decree is the product of precisely that, as we have explained.

## Order

For the reasons explained above, we DENY the State's motion to alter or amend the judgment.

IT IS SO ORDERED.

Date: 8/9/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Daniel Bowman
FILLENWARTH DENNERLINE GROTH & TOWE LLP
dbowman@fdgtlaborlaw.com

Anthony Scott Chinn
FAEGRE BAKER DANIELS LLP (Indianapolis)
scott.chinn@faegrebd.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE LLP
wgroth@fdgtlaborlaw.com

Vilda Samuel Laurin, III
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
slaurin@boselaw.com

Andrew J. Mallon
OFFICE OF CORPORATION COUNSEL
andy.mallon@indy.gov

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Donald Eugene Morgan
OFFICE OF CORPORATION COUNSEL
donald.morgan@indy.gov

Aleksandrina Penkova Pratt
INDIANA ATTORNEY GENERAL
aleksandrina.pratt@atg.in.gov

Daniel E. Pulliam
FAEGRE BAKER DANIELS LLP (Indianapolis)
daniel.pulliam@faegrebd.com

Anne Kramer Ricchiuto
FAEGRE BAKER DANIELS LLP (Indianapolis)
anne.ricchiuto@FaegreBD.com

Kelly Suzanne Thompson
INDIANA ATTORNEY GENERAL
kelly.thompson@atg.in.gov