UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| COMMON CAUSE INDIANA; <br> NAACP, by its Greater Indianapolis Branch 3053, <br> and on behalf of its individual members; <br> DORIS A. McDOUGAL; and <br> JOHN WINDLE, <br> <br>                Plaintiffs, <br> <br>   v. <br> <br> MARION COUNTY ELECTION BOARD; and <br> MICHAEL SOLARI, BRYCE CARPENTER; and <br> MYLA A. ELDRIDGE, each in their official <br> capacities as members of the MARION <br> COUNTY ELECTION BOARD, <br> <br>                Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CAUSE NO 1:17-cv-1388-SEB-TAB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## JOINT MOTION FOR INDICATIVE RULING
## ON MOTION TO VACATE CONSENT DECREE

The Marion County Election Board unanimously adopted a Vote Center Plan on November 6, 2018 that mandates two satellite voting sites for every primary election and six satellite voting sites for every general or municipal election. The county executive, Mayor Joe Hogsett, adopted that Plan on December 4, 2018 after its adoption by the county fiscal body, the City-County Council of the Consolidated City of Indianapolis and Marion County, on December 3, 2018. The Vote Center Plan became effective December 6, 2018 when it was filed with the Indiana Secretary of State's Election Division. Under Indiana law, the Election Board may change the Vote Center Plan—including its satellite voting structure—only by another unanimous vote.

The parties to this case agree that the Plan's adoption, the inclusion of satellite voting sites exceeding the number required by the Court's Consent Decree, and the Indiana law requiring a unanimous vote to change the number of satellite voting sites for all Marion County elections moots the parties' controversy and dispute. Therefore, the Defendant Election Board and its members, Michael Solari, Bryce Carpenter, and Myla A. Eldridge, each in their official capacities as members of the Election Board, along with Plaintiffs Common Cause Indiana, National Association for the Advancement of Colored People, by its Greater Indianapolis Branch 3053 and on behalf of its members Doris A. McDougal and John Windle, jointly move the Court for an indicative ruling under Rule 62.1(a) of the Federal Rules of Civil Procedure that the dispute between the parties is now moot and that the Consent Decree should be vacated. The satellite voting sites required by the Vote Center Plan, unanimously adopted by the entire Election Board, are now an established aspect of voting in Marion County that under Indiana law cannot be altered without a unanimous vote.

## I.  BACKGROUND

### A.  Summary of Litigation

Plaintiffs sued under 42 U.S.C. § 1983 alleging that the Election Board's failure to authorize satellite voting locations in Marion County for early, in-person absentee voting violated the First and Fourteenth Amendments of the U.S. Constitution and Section 2 of the Voting Rights Act. Dkt. No. 57. The Court entered a preliminary injunction on April 25, 2018, based on the burden imposed on voters' First and Fourteenth Amendment rights by the failure to allow satellite voting and ordered the Election Board to establish two satellite voting locations for the November 2018 general election. Dkt. Nos. 76-77. To resolve the remaining claims between the parties, the Election Board and the Plaintiffs sought the Court's approval and entry

of a Consent Decree requiring at least two satellite offices for primary elections and five satellite voting offices for general and municipal elections in Marion County. Dkt. No. 85, p. 4.

The Court entered the Consent Decree on July 10, 2018. To remedy the burden placed on voters by the failure to establish satellite offices, the Consent Decree requires the Election Board establish at least two satellite offices for primary elections and five satellite offices for general and municipal elections beginning with the 2019 primary election.[1] Dkt. No. 86.

### B. Marion County Adopts a Vote Center Plan

Indiana law allows its counties to become designated "vote center" counties by adopting, among other requirements, an order approving a draft plan for the administration of vote centers in the county. Ind. Code § 3-11-18.1-3(c) and (f)(1). The vote center plan must include the number and location of satellite offices under Indiana Code § 3-11-10-26.3. *See* Ind. Code § 3-11-18.1-4(17). The board may adopt the plan only by unanimous vote. Ind. Code § 3-11-18.1-3(f). The order and the plan designating the county as a "vote center county" must then be adopted by the county executive and fiscal body and filed with the Indiana Secretary of State's Election Division. Ind. Code § 3-11-18.1-3(h). A designation of a county as a vote center county "remains in effect until the county election board, by unanimous vote of its entire membership" rescinds the order designating the county as a vote center county and files the order with the Election Division. Ind. Code § 3-11-18.1-8(c). The board may amend the adopted vote center plan only by a unanimous vote. Ind. Code § 3-11-18.1-15(b).

---

[1] The State of Indiana has appealed the entry of the Consent Decree. Dkt. No. 96. Although the parties will respond to any objections to this motion in due course, they respectfully submit that because of the Vote Center Plan's unanimous adoption, and because all plaintiffs and defendants agree the dispute is moot, no further participation from the State is appropriate. *See* Dkt. No. 91.

As referenced in the Consent Decree, the Election Board took initial steps to transition the county to vote centers on January 24, 2018. Dkt. 86 ¶¶ 16-17. Resolution 01-18 created an election administration planning committee ("EAPC") to, among other things, "develop . . . a draft plan of administration and implementation for vote centers in Marion County . . . ." *See* Marion County, Indiana Election Board Resolution No. 01-18, *attached as* Exh. A.

The EAPC's efforts hit a milestone on Election Day in November. By unanimous vote, the Election Board voted on November 6, 2018, to adopt an order approving the Marion County Vote Center Plan requiring, among other conditions and obligations, two satellite voting sites for each primary election and six satellite voting sites for each general and municipal election beginning with the May 2019 municipal primary election. *See* Marion County, Indiana Election Board Resolution and Order No. 01-18,[2] *attached as* Exh. B, pp. 1-2, 14-15. The City-County Council, the county's fiscal body, adopted the Vote Center Plan on December 3, 2018, *see* City-County General Resolution No. 25, 2018, Proposal No. 400, 2018, *attached as* Exh. C, followed by the adoption of the Plan by Mayor Joe Hogsett (the county executive) on December 4, 2018, *see* A Resolution Approving the Designation of Marion County as a Vote Center County, Dec. 4, 2018, *attached as* Exh. D. The Election Board filed the Vote Center Plan with the Indiana Secretary of State's Election Division on December 6, 2018. *See* Exh. E.

The adoption of the Vote Center Plan places Marion County voting under a different statutory regime. The Plan establishes two satellite voting sites for each primary election and six satellite voting sites for general and municipal elections in Marion County for the foreseeable

---

[2] Although they share the number 01-18, the resolution passed on January 24 and the resolution *and order* passed on November 6 are distinct.

4

future because only a *unanimous* vote of the Election Board may rescind or alter the Plan establishing those satellite voting sites. Ind. Code § 3-11-18.1-8(c); Ind. Code § 3-11-18.1-15(b).

### C. The Parties Agree that the Vote Center Plan Moots the Litigation

With the adoption of the Vote Center Plan, the voting rights at issue in this lawsuit (satellite voting offices for early, in-person absentee voting) have been accorded to Marion County voters in a manner not vulnerable to the concern raised by Plaintiffs in their lawsuit— namely that satellite voting sites could be established only by an annual, unanimous vote of the Election Board. Dkt. 57 ¶ 12. The reverse is now true: the Election Board has returned to its 2008 practice of unanimously supporting the establishment of satellite offices. (*See* Dkt. No. 91, p. 2; Exh. B.) But this time it has done so in a manner that allows the Board to reverse course only by a unanimous vote to change the Plan. Ind. Code § 3-11-18.1-8(c); Ind. Code § 3-11-18.1-15(b). It therefore moots the basis for the Plaintiffs' claims and the relief they sought.

The parties therefore agree that the dispute between them is now moot and that the Court should vacate the Consent Decree. Indiana law requires a unanimous vote to alter the Plan's satellite voting site structure for the primary and general elections in Marion County. Ind. Code § 3-11-18.1-8(c); Ind. Code § 3-11-18.1-15(b). Thus, the violation found by the Court in entering the Consent Decree, that the failure to establish satellite offices after 2009 placed a burden on voters' First and Fourteenth Amendment rights, cannot reasonably be expected to recur.

## II.  ANALYSIS

If a timely motion is made for relief that, because of an appeal, this Court lacks authority to grant, the Court may "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P.

62.1(a)(3).³ Rule 60(b) of the Federal Rules of Civil Procedure allows a Court to vacate or modify continuing relief because of genuine changes in factual conditions or the law. *Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 384 (1992); *see also Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 341-42 & 348 n.6 (3d Cir. 2003) (reversing the denial of Rule 60(b) motion to vacate a consent decree as moot).

A case becomes moot when the issues are no longer "live" or the parties "lack a legally cognizable interest in the outcome." *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979). Generally, the voluntary cessation of alleged illegal conduct does not moot the case and deprive the district court of jurisdiction, but jurisdiction may abate due to mootness when: (1) there are assurances that "there is no reasonable expectation" that the alleged violation will recur; and (2) interim relief or events have "completely and irrevocably eradicated the effects of the alleged violation." *Id.* This is a heavy burden, but it has been satisfied if the parties show that the alleged illegal conduct will not return and where the government demonstrates compliance with the court's decree. *Id.* at 631-33; *see also Bailey v. Roob*, No. 1:94-CV-89-SEB-JMS, 2008 WL 5083501, at *4 (S.D. Ind. Sept. 30, 2008) (denying a finding of mootness based on the implementation of a privatization plan because the "voluntary cessation of ... illegal conduct does not deprive the tribunal of power to hear and determine the case"), *aff'd*, 567 F.3d 930 (7th Cir. 2009). *Cf. David B. v. McDonald*, 116 F.3d 1146, 1148 (7th Cir. 1997) (noting that State officer defendants are no longer acting outside the scope of their authority once the State "brings itself into conformity with" federal law nullifying the legal fiction of *Ex Parte Young*).

---

³ Because of the State's pending appeal, should the Court grant this motion, the Parties will file a notice under Rule 57 of the Circuit Rules of the U.S. Court of Appeals for the Seventh Circuit asking the Seventh Circuit to remand the case to this Court to vacate the consent decree under Federal Rule of Civil Procedure 60(b).

US.121101369.01

Since the Court's preliminary injunction finding that the failure to establish satellite offices after 2009 burdened voters' First and Fourteenth Amendment rights, the Election Board has twice unanimously voted to implement satellite voting offices. First, the Election Board unanimously adopted a resolution establishing six satellite voting locations for the Fall 2018 general election under Ind. Code § 3-11-10-26.3. Dkt. No. 91, p. 2 and Exh. B. That resolution alone, although unanimous, did not moot the parties' controversy because that same Indiana law dissolved that resolution on January 1, 2019 and required annual unanimous votes to continue satellite early voting in future years. Ind. Code § 3-11-10-26-3(i). But the Election Board then adopted, in a second unanimous vote, the Vote Center Plan on November 6, 2018, requiring two satellite voting offices for all primary elections and six for all general elections. Exh. B. Unlike the resolution adopting six satellite voting locations for the Fall 2018 general election, only another unanimous vote of the Election Board may change this Plan under Indiana law. Ind. Code 3-11-18.1-8(c); Ind. Code 3-11-18.1-15(b);

Not only has the Election Board voluntarily ceased the activity forming the basis of the Court's preliminary injunction—that the failure to establish satellite offices after 2009 burdened voters' First and Fourteenth Amendment rights—the Election Board has unanimously adopted a resolution implementing a satellite voting office structure that goes beyond the Court's order and can be changed only by another unanimous vote of the Election Board. These two unanimous votes in favor of satellite voting, plus the Indiana law requiring another unanimous vote to change the Plan's satellite voting structure for Marion County elections, provides reasonable assurances that the First and Fourteenth Amendment rights of Marion County voters will not face any alleged abridgement in the future and that the effects of the alleged violation have been completely and irrevocably eradicated. *See Los Angeles Cty.*, 440 U.S. at 631.

Given the adoption of the Vote Center Plan and the Indiana law requiring a unanimous vote to alter Marion County's two satellite voting offices for primary elections and six satellite voting offices for general and municipal elections, the Consent Decree should be vacated under Federal Rule of Civil Procedure Rule 60(b)(6) (allowing the court to relieve a party from a final judgment or order for "any other reason that justifies relief") as the parties' dispute is now moot.

### III. CONCLUSION

For the reasons stated above, all Parties jointly and respectfully move this Court for an indication under Rule 62.1 of the Federal Rules of Civil Procedure of whether it will vacate the Consent Decree under Rule 60(b)(6) of the Federal Rules of Civil Procedure and for all other just and appropriate relief.

| For Plaintiffs: | For Defendants: |
|---|---|
| /s/ *William R. Groth*<br>William R. Groth<br>FILLENWARTH DENNERLINE GROTH & TOWE LLP<br>429 East Vermont Street, Suite 200<br>Indianapolis, Indiana 46202<br>Phone: 317-353-9363<br>wgroth@fdgtlaborlaw.com | /s/ *Daniel E. Pulliam*<br>A. Scott Chinn<br>Anne K. Ricchiuto<br>Daniel E. Pulliam<br>FAEGRE BAKER DANIELS LLP<br>300 N. Meridian St., Suite 2700<br>Indianapolis, Indiana 46204<br>Phone: 317-237-0300<br>Scott.Chinn@FaegreBD.com<br>Anne.Ricchiuto@FaegreBD.com<br>Daniel.Pulliam@FaegreBD.com<br><br>/s/ *Donald E. Morgan*<br>Andrew J. Mallon<br>Donald E. Morgan<br>CITY OF INDIANAPOLIS<br>OFFICE OF CORPORATION COUNSEL<br>200 E. Washington St., Suite 1601<br>Indianapolis, Indiana 46204<br>Phone: 317-327-4055<br>donald.morgan@indy.gov<br>andy.mallon@indy.gov |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2018, a copy of the foregoing document was filed electronically with the Court's CM/ECF system. Notice of this filing will be sent to the parties' counsel by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

/s/ *Daniel E. Pulliam*
Daniel E. Pulliam