UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| COMMON CAUSE INDIANA, <br> NATIONAL ASSOCIATION FOR THE <br> ADVANCEMENT OF COLORED PEOPLE <br> by its Greater Indianapolis Branch 3053 and <br> on behalf of its individual members, <br> DORIS A MCDOUGAL, <br> JOHN WINDLE, <br><br> Plaintiffs, <br><br> v. <br><br> MARION COUNTY ELECTION BOARD, <br> MYRA A ELDRIDGE in her official capacity <br> as a member of the Marion County Election <br> Board, <br> BRYCE CARPENTER in his official capacity <br> as a member of the Marion County Election <br> Board, <br> MICHAEL SOLARI in his official capacities <br> as members of the Marion County Election <br> Board, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 1:17-cv-01388-SEB-TAB |

**ORDER ON MOTION FOR INDICATIVE RULING ON MOTION TO VACATE CONSENT DECREE FOR MOOTNESS (DKT. 106)**

We currently lack jurisdiction, *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), over this voting rights case in view of the State of Indiana's pending appeal, taken as intervenor-defendant, Dkt. 96, from our approval and entry of a final judgment by consent. Dkt. 94. The original parties now seek an indicative ruling that we would vacate the consent decree and dismiss the case upon proper motion because the

1

case is now moot. Dkt. 106. *See* Fed. R. Civ. P. 62.1. The motion for an indicative ruling is granted. For the reasons given below, we would deny a motion to vacate for mootness.

**Background**

On April 25, 2018, we entered a preliminary injunction requiring Defendants to establish two satellite voting locations for early in-person voting in Marion County, Indiana, *see* Ind. Code §§ 3-11-10-26(a)(2), 26.3(a), for use in the November 2018 general election, Dkt. 77, for reasons we explained at length. Dkt. 76 (reported at *Common Cause Ind. v. Marion Cty. Election Bd.*, 311 F. Supp. 3d 949 (S.D. Ind. 2018)). As relevant here, we concluded that Plaintiffs had shown a fair likelihood of success on their claim that Defendants had impermissibly burdened the voting rights of Marion County voters—based solely on partisan considerations and without any justifying legitimate interest—by restricting the availability of early in-person voting to one location in Marion County. 311 F. Supp. 3d at 975. On July 10, 2018, we granted the parties' joint motion to approve a tendered consent decree requiring Defendants to maintain two satellite voting locations in Marion County for each primary election and five for each general election. Dkt. 86. We entered the consent decree as our final judgment in the case on August 9, 2018. Dkt. 94.

On December 3, 2018, the Indianapolis-Marion County City-County Council, Marion County's legislative body, adopted Defendants' plan designating Marion County a "vote center county." *See* Ind. Code § 3-11-18.1-13; Dkt. 106 Ex. C, at 2. That plan provides in part that Defendants will maintain two satellite voting locations for each

primary election and six for each general election. Dkt. 106 Ex. B, at 14. It can be amended only by Defendants' unanimous vote. Ind. Code § 3-11-18.1-15(b)(1).

The original parties now contend that these developments have mooted the case. They seek an indicative ruling to that effect. Dkt. 106.

## **Analysis**

Federal Rule of Civil Procedure 62.1 provides,

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may[] defer considering the motion; deny the motion; or state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a) (internal subdivisions omitted). Though the rule does not expressly authorize them, courts generally entertain motions under the rule which do not actually seek relief but instead request an indicative ruling in terms. In such cases,

> [t]he . . . procedure has . . . four steps. First, the appealing parties must be motivated by some concern or issue and specifically ask for an indicative ruling. Second, the District Court is then obliged to indicate its view of the request. If the request is denied, that ends the inquiry. If the District Court is inclined to grant the request for an indicative ruling, the third step is to tell the parties and the Circuit Court of its intent. Finally, it is up to the Circuit Court to decide whether it will send the case back to the District Court and empower the lower court to rule.

*Defenders of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011).

To facilitate the appellate litigation, we grant the parties' request for an indicative ruling. We consider therefore whether we would grant a motion properly brought for relief from judgment under Federal Rules of Civil Procedure 60(b)(6) (permitting vacatur

3

for "any other reason that justifies relief" in addition to those spelled out in rule) and 12(h)(3) (requiring dismissal of action if court "at any time" determines it lacks jurisdiction) for the reasons given by the parties. We conclude we would not.

Article III of the Constitution extends federal jurisdiction only to live cases and controversies. *Ciarpaglini v. Norwood*, 817 F.3d 541, 544 (7th Cir. 2016) (citing *Campbell-Ewald Co. v. Gomez*, 577 U.S.—, 136 S. Ct. 663, 669 (2016)). A once-live case that has become moot must be dismissed for lack of jurisdiction. *See id.* at 546.

A defendant's voluntary cessation of the conduct challenged by the plaintiff's lawsuit ordinarily does not suffice to moot the case. *Id.* at 544–45. "'Otherwise, a defendant could engage in unlawful conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating this cycle until he achieves all his unlawful ends.'" *Id.* at 544 (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). But "'[a] case might become moot if subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior c[an]not reasonably be expected to recur[,]'" *id.* at 545 (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)), or "'cannot reasonably be expected to start up again . . . .'" *Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)).

The voluntary-cessation question appears in a slightly different light, however, where, as here, the defendant is and will continue to be subject to an injunction but argues he has fully complied with its terms and will continue to do so. *See Firefighters Local Union No. 1784 v. Shotts*, 467 U.S. 561, 568–70 (1984). What keeps the case alive then is not necessarily the possibility that the defendant will violate the plaintiff's rights but the

4

possibility that the defendant will violate the injunction, *id.* at 569, which, when entered by consent, may order broader relief than the law requires of its own force. *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986). The case is moot only if the court is satisfied that the injunction is "of no real concern" to the defendant because he "will never again contemplate" violating it. *Shotts*, 467 U.S. at 570.

Here, the original parties contend that Marion County's adoption of the vote center plan makes it clear that Defendants' wrongful conduct—restricting the availability of early in-person voting based solely on partisan considerations—cannot reasonably be expected to recur. As we indicated in ruling on Plaintiffs' motion for a preliminary injunction, the procedural mechanism that permitted partisan considerations to override all others in Defendants' decisionmaking was a statutory requirement that satellite voting locations for early in-person voting be established by the unanimous vote of a county election board. *See* 311 F. Supp. 3d at 956 n.4 (noting partisan composition of county election board), 964 (explaining relevance of unanimity requirement to ruling), 973–75 (finding Defendants' decisions motivated solely by partisan considerations). Now, the original parties conclude, the vote center plan adopted by Marion County has eliminated that avenue for partisan manipulation by requiring unanimity for future *restrictions* on early in-person voting at satellite voting locations.

The conclusion may be correct but it is directed to the wrong question. As explained above, it is not enough to moot the case to show that Defendants do not contemplate any future violation of Plaintiffs' rights; the parties must show in addition

5

that Defendants cannot reasonably be expected ever to run up against the limits set by their consent decree. This they have not done.

In our prior rulings, we noted that the Constitution has never been interpreted to require any particular number of satellite voting locations in Marion County, but that, going forward, we approved the consent decree requiring two for every primary election and five for every general election. Even assuming the danger of entirely partisan and therefore unconstitutional voting restrictions has been dissipated by the recent adoption of the vote center plan, the parties have not shown (nor undertaken to show) that Defendants will never contemplate, for example, opening only four satellite voting locations for every general election instead of five. Accordingly, on the narrow request pending before us here, we cannot say that the requirements of the consent decree are no longer of any real interest or concern to Defendants, making the underlying case moot. *Shotts*, 467 U.S. at 570.

We emphasize that the parties have not sought to show that the case is moot with respect to Defendants' compliance with the consent decree. Nor have the parties asked for an indicative ruling on a motion to dissolve the consent decree under Federal Rule of Civil Procedure 60(b)(5) on the grounds that its prospective application would no longer be equitable. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367 (1992); *O'Sullivan v. City of Chicago*, 396 F.3d 843, 859–66 (7th Cir. 2005). We hasten to say that we express no opinion here on the merits of such arguments, had the parties made them. Given the limited scope of the parties' motion, our indicative ruling is correspondingly limited.

## Conclusion

For the reasons given above:

The original parties' joint motion for an indicative ruling, Dkt. 106, is GRANTED.

The Court indicates that a proper motion to vacate the judgment and dismiss the case for mootness WOULD NOT BE GRANTED.

IT IS SO ORDERED.

Date: 2/5/2019

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Anthony Scott Chinn
FAEGRE BAKER DANIELS LLP (Indianapolis)
scott.chinn@faegrebd.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

William R. Groth
FILLENWARTH DENNERLINE GROTH & TOWE LLP
wgroth@fdgtlaborlaw.com

Vilda Samuel Laurin, III
BOSE MCKINNEY & EVANS, LLP (Indianapolis)
slaurin@boselaw.com

Andrew J. Mallon
OFFICE OF CORPORATION COUNSEL
andy.mallon@indy.gov

Tyler John Moorhead
BOSE MCKINNEY & EVANS LLP
tmoorhead@boselaw.com

Aleksandrina Penkova Pratt
INDIANA ATTORNEY GENERAL
aleksandrina.pratt@atg.in.gov

Daniel E. Pulliam
FAEGRE BAKER DANIELS LLP (Indianapolis)
daniel.pulliam@faegrebd.com

Anne Kramer Ricchiuto
FAEGRE BAKER DANIELS LLP (Indianapolis)
anne.ricchiuto@FaegreBD.com

Kelly Suzanne Thompson
INDIANA ATTORNEY GENERAL
kelly.thompson@atg.in.gov