# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



| Everett McKinley Dirksen United States Courthouse | Office of the Clerk |
|---|---|
| Room 2722 - 219 S. Dearborn Street | Phone: (312) 435-5850 |
| Chicago, Illinois 60604 | www.ca7.uscourts.gov |

## NOTICE OF ISSUANCE OF MANDATE

June 25, 2019

To:
Laura A. Briggs
UNITED STATES DISTRICT COURT
Southern District of Indiana
United States Courthouse
Indianapolis , IN 46204-0000

| No. 18-2735 | COMMON CAUSE INDIANA, et al.,<br> Plaintiffs - Appellees<br><br>v.<br><br>MARION COUNTY ELECTION BOARD, et al.,<br> Defendants<br><br><br>APPEAL OF: STATE OF INDIANA |
|---|---|
| **Originating Case Information:** | |
| District Court No: 1:17-cv-01388-SEB-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Sarah Evans Barker | |

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

RECORD ON APPEAL STATUS:          No record to be returned

**NOTE TO COUNSEL:**

If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten (10) days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit.

**Date:**                                                  **Received by:**

_____6/25/2019_____                       ___*Laura Townsend*___
                                                                Deputy Clerk, U.S. District Court


form name: **c7_Mandate**(form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**CERTIFIED COPY**
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

## FINAL JUDGMENT

June 3, 2019

Before:  JOEL M. FLAUM, Circuit Judge
MICHAEL S. KANNE, Circuit Judge
DIANE S. SYKES, Circuit Judge

| No. 18-2735 | COMMON CAUSE INDIANA, et al.,<br> Plaintiffs - Appellees<br><br>v.<br><br>MARION COUNTY ELECTION BOARD, et al.,<br> Defendants<br><br><br>APPEAL OF: STATE OF INDIANA |
|---|---|
| **Originating Case Information:** ||
| District Court No: 1:17-cv-01388-SEB-TAB<br>Southern District of Indiana, Indianapolis Division<br>District Judge Sarah Evans Barker ||

We **VACATE** the Consent Decree and **REMAND** to the district court with instructions to dismiss the case. The above is in accordance with the decision of this court entered on this date. Both sides to bear their own costs.

form name: **c7_FinalJudgment**(form ID: **132**)

In the
# United States Court of Appeals
For the Seventh Circuit

CERTIFIED COPY
A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

_____

No. 18-2735

COMMON CAUSE INDIANA, *et al.*,

             *Plaintiffs-Appellees*,

*v.*

MARION COUNTY ELECTION BOARD, *et al.*,

             *Defendants*.

APPEAL OF: STATE OF INDIANA

_____

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 17-cv-01388 — **Sarah Evans Barker**, *Judge*.

_____

ARGUED MAY 21, 2019 — DECIDED JUNE 3, 2019

_____

Before FLAUM, KANNE, and SYKES, *Circuit Judges*.

FLAUM, *Circuit Judge*. Indiana counties must maintain a three-member election board, made up of the circuit court clerk and two individuals the clerk appoints, one "from each of the major political parties of the county." Ind. Code § 3-6-5-2. The board makes various decisions about a county's voting system, including rules for in-person early voting.

Until December 2018, Marion County used a precinct-based voting system. Under that scheme, the Marion County Election Board (the "Board") could establish in-person early voting "satellite offices" each year by unanimous vote. *See id.* § 3-11-10-26.3 (the "Satellite Office Provision"). A satellite office resolution "expires January 1 of the year immediately after the year in which the resolution is adopted." *Id.* § 3-11-10-26.3(i). The Board approved in-person early voting satellite offices for the 2008 presidential election. It did not approve any satellite offices for the 2010, 2012, 2014, or 2016 elections; each year, the two Democrat Board members voted in favor of opening satellite offices, while the one Republican Board member voted against.

In May 2017, Common Cause Indiana, the Greater Indianapolis Branch of the NAACP, and two Marion County registered voters sued the Board and its members in their official capacities pursuant to 42 U.S.C. § 1983. Plaintiffs alleged the Board's decision to not approve in-person early voting satellite offices from 2010 to 2016—and more specifically, the application of the Satellite Office Provision's unanimity requirement and the Republican Board member's decision to withhold consent—burdened voters' rights to cast early votes without any relationship to a legitimate government interest, in violation of the First and Fourteenth Amendments and Section 2 of the Voting Rights Act of 1965. Indiana moved to intervene, arguing plaintiffs' complaint "calls into question the federal and state constitutional validity" of the Satellite Office Provision. The district court issued a conditional grant, allowing Indiana to attend a settlement conference, challenge a settlement agreement at a fairness hearing, and seek permission to appeal any approved settlement.

No. 18-2735 3

On April 25, 2018, the district court granted plaintiffs' motion for a preliminary injunction, ordering the Board to establish two in-person early voting satellite offices for the November 2018 election. Soon thereafter, on July 10, 2018, the district court entered a Consent Decree (the "Decree"). The Board agreed to establish five in-person early voting satellite offices for the 2018 general election, and going forward, a minimum of two satellite offices for primary elections and five satellite offices for general and municipal elections. The Decree did not address any underlying issues of law, other than to note that the district court, in its preliminary injunction ruling, held that plaintiffs made a prima facie showing of likelihood of success on the merits. On July 25, the Board unanimously adopted two resolutions. The first ratified the Decree and acknowledged the Board's intent to comply with the Decree's terms. In the second, the Board approved the establishment of six satellite offices for the 2018 general election.

On August 7, 2018, Indiana filed a motion to alter or amend the Decree. It argued the Decree is contrary to Indiana law because there was "no finding in the Consent Decree that the Board voted unanimously to establish additional satellite voting for 2019 and beyond." Indiana also maintained that because the Decree had no end date, it precluded future Board members from exercising their statutory authority to vote against establishing satellite offices and effectively disregarded the Satellite Office Provision's unanimity requirement. The district court denied Indiana's motion, finding the Board unanimously ratified the Decree, and concluding that even if it hadn't, the Decree "was necessary to remedy a probable violation of federal law." Indiana filed a notice of appeal.

4  No. 18-2735

After Indiana submitted its opening appellate brief, the Board changed the legal paradigm governing Marion County's voting scheme, replacing the precinct-based structure with a vote center plan. The vote center plan specifies that Marion County will have two in-person early voting satellite offices for primary elections and six in-person early voting satellite offices for general and municipal elections. *See* Ind. Code § 3-11-18.1-4(17) (a vote center plan must include "[t]he total number and locations of satellite offices to be established under [the Satellite Office Provision] at vote center locations"). As statutorily required, the Board voted unanimously to adopt the vote center plan, *see id.* § 3-11-18.1-3(f), and Marion County officially became a vote center county on December 6, 2018.

Plaintiffs and the Board ("joint-appellees") then moved to dismiss Indiana's appeal as moot. They argue the vote center plan moots the Consent Decree and Indiana's appeal because to make any change—including to in-person early voting satellite offices—the Board must unanimously agree to amend the plan or rescind Marion County's vote center status. *See id.* §§ 3-11-18.1-8(c); 3-11-18.1-15(b). Thus, according to joint-appellees, the plan "guarantees that the partisan considerations underlying the consent decree will not infect, or be a basis, for reducing voters' access to early in-person voting." They ask that we remand to the district court with instructions to vacate the Consent Decree and dismiss the case.

Indiana does not believe the appeal is moot because the Consent Decree is still in effect. It contends the district court did not have authority to enter the Consent Decree in the first place and therefore asks that we vacate the Decree on the merits. However, Indiana "does not disagree with the Board and

No. 18-2735                                                                   5

Common Cause that, under the Board's new vote center plan, the consent decree is unnecessary." It acknowledges that its "main objective with [its] appeal is vacatur of the consent decree," and "[w]hether that occurs because the State prevails on the merits, because the case is moot, or merely because the parties voluntarily agree to vacatur is unimportant." And at oral argument, Indiana reiterated this view, stating that "as long as the Consent Decree is vacated, [it] will be happy with that end result."

In short, Indiana asks us to vacate the Decree, while joint-appellees ask us to remand to the district court with instructions to vacate. Though the result they seek differs slightly, in essence, they seek the same relief: a vacatur of the Consent Decree. Indeed, at oral argument, the Board's counsel recognized that "whether the district court is ordered to vacate the Consent Decree or this Court vacates the Consent Decree on its own … makes no practical difference." Because both sides ultimately agree that the Decree should no longer be in effect, we have no need to address whether the district court had authority to enter the Decree. And we need not remand the case to the district court for vacatur. Given our authority to vacate district court judgments—including consent decrees—we can and should vacate the Decree ourselves. S*ee* 28 U.S.C. § 2106; *cf. Frank v. Walker*, 819 F.3d 384, 385 (7th Cir. 2016) (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)).

Accordingly, we VACATE the Consent Decree and REMAND to the district court with instructions to dismiss the case.